UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK AARON MENDEZ,

Petitioner,

v.
                                             CASE NO. 6:09-cv-2043-Orl-28DAB
                                                (6:07-cr-145-Orl-28DAB)

UNITED STATES OF AMERICA,

Respondent.

_____

# ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and a supplement to the motion (Doc. No. 11) filed by Mark A. Mendez. The Government filed responses (Doc. Nos. 7 & 13) to the section 2255 motion and supplement in compliance with this Court's instructions and with *The Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed replies to the Government's responses (Doc. Nos. 10 & 14).

Petitioner alleges four claims for relief: counsel rendered ineffective assistance by (1) advising Petitioner he would receive a downward departure for acceptance of responsibility if he entered a plea and by failing to argue he was entitled to a downward departure at sentencing; (2) failing to file an appeal after Petitioner requested him to do so and by refusing to explain the advantages and disadvantages of filing an appeal; (3) failing to argue that a fourteen-year sentence for 79 grams of crack cocaine was draconian and harsh; and (4) failing to object to the use of Petitioner's prior convictions in the sentence

calculation. On September 15, 2011, the Court conducted an evidentiary hearing on claim two. For the following reasons, Petitioner's § 2255 motion and supplement are denied.

## I. *Procedural History*

Petitioner, along with others, was charged by indictment with conspiracy to possess with intent to distribute cocaine base (also known as "crack") and cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one), possession with intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) (count two), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (count four) (Criminal Case No. 6:07-cr-145-Orl-28DAB, Doc. No. 1).[1] Pursuant to a plea agreement, Petitioner entered a plea of guilty to counts one and four before Magistrate Judge David A. Baker. *Id.* at Doc. No. 33. Magistrate Judge Baker filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty. *Id.* at Doc. No. 37. Thereafter, Petitioner filed a motion to withdraw his plea, and a hearing was conducted on the motion. *Id.* at Doc. Nos. 53, 80. Magistrate Judge Baker subsequently denied the motion to withdraw the plea. *Id.* at Doc. No. 81. This Court accepted the plea and adjudicated Petitioner guilty. *Id.* at Doc. No. 171. The Court sentenced Petitioner to a 168-month term of imprisonment for count one and to a 120-month term of imprisonment for count four with the sentences to run concurrently. *Id.* at Doc. No. 176. The Government dismissed count two of the indictment pursuant to the plea agreement. *Id.* Petitioner did not appeal his convictions or sentences.

---

[1]Criminal Case No. 6:07-cr-145-Orl-28DAB will be referred to as "Criminal Case."

*II.    Legal Standard*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad

> discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

### A. Claim Two

Petitioner contends that counsel rendered ineffective assistance by failing to file an appeal after Petitioner requested him to do so and by refusing to explain the advantages and disadvantages of filing an appeal. Concluding that an evidentiary hearing was necessary to resolve this claim, the Court reserved ruling on the merits of claims one, three, and four pending the evidentiary hearing on claim two. Accordingly, the Court will address claim two before addressing the remaining claims.

It is well-settled that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citations omitted). In such a case, prejudice is presumed, and the petitioner is entitled to a new appeal without showing that his appeal would likely have merit. *See id.* at 483 ("The . . . denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice."); *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen

counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."); *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969) (finding that a defendant who instructed counsel to perfect an appeal thereby objectively indicated his intent to appeal and was entitled to a new appeal upon counsel's failure to perfect an appeal without any further showing). These rules apply with equal force even though Petitioner's plea agreement contains a partial waiver of his rights to appeal and collaterally attack his sentence. *See Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005) ("If the evidence establishes . . . that Petitioner's attorney acted contrary to his client's wishes, . . . prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver.").

In addition to the duty to file a requested appeal, counsel must consult with a client about an appeal when either: (1) any rational defendant would want to appeal; or (2) the client reasonably demonstrated an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If a duty to consult exists, counsel must fulfill that duty by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. If counsel fails to satisfy the duty to consult, a petitioner is entitled to an out-of-time appeal only if he establishes prejudice by demonstrating "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

At the evidentiary hearing, Petitioner testified that immediately after the sentencing

hearing, he told his attorney David Wilson ("Wilson") that he wanted to appeal the Court's refusal to give him a two level reduction for acceptance of responsibility. Petitioner further stated that he called Wilson during the ten-day period following his sentencing via three way calling in order to direct him to file an appeal. Petitioner admitted that the jail records demonstrate that he did not call Wilson directly after he was sentenced. Petitioner testified that he was not able to reach Wilson via telephone but had he been able to do so, he would have asked him to file an appeal.

Wilson agreed that he spoke to Petitioner in the courtroom after he was sentenced. Wilson testified that he (1) advised Petitioner he had the right to appeal, (2) explained that his appeal rights were limited pursuant to the four exceptions in the plea agreement, (3) noted that Petitioner was sentenced at the bottom of the guideline range, and (4) advised Petitioner that he did not believe Petitioner had any meritorious grounds for appeal. In contrast to Petitioner's testimony, Wilson said that Petitioner did not tell him he wanted to appeal, either at the sentencing hearing or thereafter, and did not express dissatisfaction with his sentence.

As expressed by this Court at the evidentiary hearing, after carefully considering the evidence and viewing the witnesses and their demeanor while testifying, the Court finds the testimony of Wilson credible and the testimony of Petitioner not credible. Assessing the credibility of witnesses is reserved for the Court. *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1559 (11th Cir. 1988) ("Assessing the weight of evidence and credibility of witnesses is reserved for the trier of fact.").

The Court concludes that neither Petitioner nor any other person instructed Wilson to file an appeal or expressed a desire to file an appeal at any time after Petitioner was sentenced. Furthermore, the Court finds that Wilson satisfied the duty to consult Petitioner about filing an appeal. Wilson advised Petitioner that he had the right to appeal, explained that his right was limited by the plea agreement, and advised Petitioner he did not have any meritorious issues to appeal. As such, Wilson's performance in not filing an appeal or pursuing an appeal was not unreasonable given that Wilson did not disregard an explicit instruction from Petitioner to file an appeal and consulted him about appealing. Thus, counsel did not provide deficient performance, and Petitioner's claim that counsel rendered ineffective assistance in relation to the filing of an appeal is denied.

### B. *Claim One, Three, and Four*

Petitioner contends that counsel rendered ineffective assistance by (1) advising him that he would receive a downward departure for acceptance of responsibility if he entered a plea and by failing to argue he was entitled to a downward departure at sentencing (claim one); (2) failing to argue that a fourteen-year sentence for 79 grams of crack cocaine was draconian and harsh (claim three); and (3) failing to object to the use of Petitioner's prior convictions in the sentence calculation (claim four).

Pursuant to the plea agreement, Petitioner agreed:

> this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and [Petitioner] expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by</u>

> the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then... [Petitioner] is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

Criminal Case Doc. No. 33 at 12-13 (emphasis in original). During his change of plea hearing, Petitioner acknowledged that he understood that by pleading guilty he was waiving his right to collaterally attack his sentences pursuant to § 2255. (Doc. No. 7-1 at 13, 18-19.)

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Id.* at 1342. The Eleventh Circuit, however, has indicated that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel. *Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007). Therefore, Petitioner's knowing and voluntary waiver in the plea agreement generally bar him from pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself.

The Court concludes that the plea agreement and waiver were knowingly and voluntarily entered. As set forth above, the Court addressed the appeal waiver provision during the change of plea hearing. Moreover, the record reveals that Petitioner understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d

1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing.").

Furthermore, the record demonstrates that Petitioner's plea of guilty was knowingly and voluntarily entered. The three primary requirements imposed by Federal Rule of Criminal Procedure 11 before the Court may accept a plea of guilty are: "'(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" *United States v. Garcia*, 2009 WL 975539, *1 (11th Cir. 2009) (quoting *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996)). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id.* at 1012 (quotation omitted) (citations omitted).

The Court conducted a thorough and comprehensive plea colloquy. Petitioner stated under oath that he was not threatened or coerced to plead guilty. (Doc. No. 7-1 at 8-9.) Petitioner acknowledged that he understood the charges against him, had reviewed the

indictment with his attorney, and was satisfied with his attorney's services. *Id.* at 7-8. Petitioner also affirmed that he had read the plea agreement, discussed it with his attorney, and understood the plea agreement. *Id.* at 10. Petitioner was advised that he was subject to a mandatory minimum sentence of ten years to life in prison for count one and to a maximum sentence of ten years for count four. *Id.* at 14. Petitioner acknowledged that he understood that regardless of what sentences were imposed, he would not be permitted to withdraw his guilty plea even if his sentences were different from what his attorney predicted. *Id.* at 10-11, 15. Finally, the Court asked Petitioner if he was freely and voluntarily entering his plea to which Petitioner responded affirmatively. *Id.* at 22. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

To the extent Petitioner is challenging the voluntariness of his plea pursuant to claim one, he has not demonstrated that counsel's advice rendered his plea involuntary. Petitioner maintains that counsel improperly advised him that he would receive a downward departure for acceptance of responsibility if he entered a plea and that counsel failed to argue at sentencing that Petitioner was entitled to a downward departure. However, counsel did not erroneously advise Petitioner that he would receive a downward departure for acceptance of responsibility if he entered a plea of guilty. Petitioner's plea agreement provided that at the time of sentencing the Government would recommend a two-level downward adjustment for acceptance of responsibility but only in the event that

no adverse information was received prior to sentencing suggesting that the recommendation was unwarranted. (Criminal Case Doc. No. 33 at 3.) At the plea hearing, Petitioner acknowledged that he had read the plea agreement and knew that regardless of the sentence imposed, he would not be able to withdraw his plea. Furthermore, Petitioner likely would have received a two-level adjustment for acceptance of responsibility but for his filing of a motion to withdraw his plea wherein he asserted he is innocent.

Finally, Wilson actually did argue at sentencing that Petitioner should receive a two-level adjustment for acceptance of responsibility. Thus, counsel was not deficient for advising Petitioner that he would receive a downward departure for acceptance of responsibility pursuant to the plea agreement, and Petitioner has not demonstrated that his plea was involuntary as a result of counsel's advice. Based on the plea agreement and Petitioner's representations during the plea hearing, the Court concludes that claims one, three, and four are barred from consideration by the sentence-appeal waiver provision.

C. *Supplemental Argument*

Petitioner filed a supplement in which he maintains that he is entitled to retroactive application of the Fair Sentencing Act ("FSA"). The FSA alters the crack-to-powder ratios from 100:1 to approximately 18:1. *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010) (citing Pub. L. No. 111-220, 124 Stat. 2372). The FSA "amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10-year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum." *Id.* (citing Pub. L.

No. 111-220, 124 Stat. 2372 § 2(a)(1)-(2)).

In addition to amending the statutory penalties for offenses involving crack cocaine, "the FSA also directed the United States Sentencing Commission to review and amend the Sentencing Guidelines to conform with the FSA." *Henrixson v. United States*, Case No. 4:10-cv-382-RH/WCS, 2011 WL 4014472, *2 (N.D. Fla. July 12, 2011) (citing Pub. L. No. 111-220, 124 Stat. 2372, §§ 5-8). The Sentencing Commission has voted to retroactively apply the guidelines amendment. *Id.* "The permanent amendment implementing the FSA and the retroactivity provision will be effective November 1, 2011, absent contrary action by Congress." *Id.* Thus, if there is a retroactive amendment to the sentencing guidelines that is applicable to Petitioner's case,[2] he may seek relief at that time by filing a motion for modification of sentence with the sentencing court. *See* 18 U.S.C. § 3582(c)(2); *see also United States v. Hadley*, Case No. 6:06-cr-209-Orl-19DAB, 2011 WL 3235679, *2 (M.D. Fla. July 28, 2011) (denying as premature a motion for reduction of sentence based on Amendments 748 and 750 and noting motion could be reasserted on or after November 1, 2011).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.  Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

---

[2] The Court notes that it is not making a finding at this time that Petitioner is eligible for a modification of his sentence based on the guideline amendment.

2. The Government's Motion to Allow Untimely Filing (Doc. No. 20) is **GRANTED**.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

4. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:07-cr-145-Orl-28DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 249) pending in that case.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 21 day of September, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 9/21
Mark Mendez
Counsel of Record

---

[3] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.